# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
### CIVIL ACTION NO.  3:14-CV-129-RJC-DCK

| | | |
|---|---|---|
| **MEINEKE CAR CARE CENTERS LLC,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| **ASAR INCORPORATED, LLC, RALPH** | ) | |
| **AHMAD, and ASHVINDER AHMAD,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER IS BEFORE THE COURT** regarding the status of this case and the Court's previous "Order" (Document No. 18) granting "Plaintiff's Motion For An Immediate Order To Show Cause" (Document No. 16).  This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b), and immediate review is appropriate.  Having carefully considered the record and applicable authority, the undersigned will respectfully recommend that Defendants be required to appear before the Court and <u>show cause</u> why they should not be held in contempt.

## I.  BACKGROUND

Plaintiff Meineke Car Care Centers LLC ("Plaintiff" or "Meineke") initiated this action with the filing of a "Complaint" (Document No. 1) on March 24, 2014.  The Complaint asserts claims for breach of contract, trademark infringement, unfair competition, and attorneys' fees. (Document No. 1).   Defendants failed to file an Answer or otherwise respond to the Complaint.

The Clerk of Court granted Plaintiff's motions for entry of default as to Defendant ASAR Incorporated LLC on May 29, 2014, and as to Defendants Ralph Ahmad and Ashvinder Ahmad on June 13, 2014. (Document Nos. 8 and 13).

On August 13, 2014, the Court granted "Plaintiff's Amended Motion For Default Judgment" (Document No. 14). Specifically, the Honorable Robert J. Conrad, Jr. directed that:

1. Defendants ASAR INCORPORATED, Ralph Ahmad and Ashvinder Ahmad and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, must permanently:

(a) **Cease and refrain** from, **for a period of one year** from the date of compliance with this Order, directly or indirectly (such as through corporations or other entities owned or controlled by them), **owning a legal or beneficial interest in, managing, operating or consulting with: (i) any business operating at the premises of former Center No. 1262 located at 3744 Highw[a]y 50 East, Carson City, NV 89706 or within a radius of six miles of the premises of former Center No. 1262** which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (ii) **any business operating within a radius of six miles of any Meineke Center existing as of September 26, 2013**, the date Defendants' Franchise Agreement terminated, which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

(b) **Immediately cease using and/or remove and/or have removed any names, marks, signs, forms, advertising, manuals, computer software, supplies, products, merchandise and all other things and materials of any kind which are identified or associated with the Meineke name, logo, marks or trade dress**, or which contain a name, logo or mark confusingly similar to the Meineke name, logo, marks or trade dress, including, but not limited to any black and yellow signage on or near Center No. 1262 at 3744 Highway 50 East, Carson City, NV.

(c) Immediately **cease making any representation or statement that Defendants or the business located at**

**3744 Highway 50 East, Carson City, NV 89706 is in any way approved, endorsed, or licensed by Meineke, or is associated with Meineke in any way**.

(d) Immediately do everything required by the telephone company, including but not limited to, signing all required paperwork and paying any amount due, to **release or transfer to Meineke the telephone numbers** 775-882-7800, 775-883-4873, 775-461-2618 and 775-461-2329 being used by Defendants' business located at 3744 Highway 50 East, Carson City, NV 89706 or which have been advertised in conjunction with Meineke's Marks.

(e) Immediately **return to Meineke any and all operations manuals** in Defendants possession or control.

2. That **judgment shall be entered** in favor of Plaintiff Meineke and against Defendants ASAR Incorporated, Ralph Ahmad and Ashvinder Ahmad, jointly and severally, **in the amount of $31,373.56** for unpaid fees due and owing to Meineke under the terms of the Franchise Agreement between the parties.

3. That **Defendants** ASAR Incorporated, Ralph Ahmad and Ashvinder Ahmad, jointly and severally, **are adjudged liable for all of Meineke's costs and expenses incurred in this action** pursuant to Article 17.6 of the Franchise Agreement. Meineke is directed to file an Affidavit of its costs and expenses incurred within 18 days of this Order, and the Court will enter a Supplemental Judgment.

4. The Court **denies Plaintiff's request for attorney's fees**.

(Document No. 15, pp.11-13) (emphasis added).

"Plaintiff's Motion For An Immediate Order To Show Cause" (Document No. 16) was filed on November 12, 2014. In that motion, Plaintiff alleges that "Defendants are continuing to offer the same services offered when they were an authorized Meineke franchisee." (Document No. 16, p.1). As with the Complaint and other motions in this case, Defendants failed to file any response to "Plaintiff's Motion For An Immediate Order To Show Cause."

On December 2, 2014, the undersigned granted "Plaintiff's Motion For An Immediate Order To Show Cause" (Document No. 16) and ordered Defendants to "**SHOW CAUSE** on or before **December 31, 2014**, why they should not be held in contempt." (Document No. 18, p.1). Again, Defendants have failed to respond.

This matter is now ripe for a recommendation to the presiding District Judge.

## II.  STANDARD OF REVIEW

### A.  Civil Contempt

> To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:
>
> > (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge;  (2) ... that the decree was in the movant's "favor";  (3) ... that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive) of such violations;  and (4) ... that [the] movant suffered harm as a result.
>
> Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. The Kittinger Co., 792 F.Supp. 1397, 1405-06 (E.D.Va. 1992), aff'd, 38 F.3d 133, 136 (4th Cir. 1994)).  "When a district court's decision is based on an interpretation of its own order, [the appellate court's standard of review is highly] deferential because district courts are in the best position to interpret their own orders."  JTH Tax, Inc. v. H & R Block Eastern Tax Servs., Inc., 359 F.3d 699, 705 (4th Cir. 2004).

U.S. v. 515 Concord Ave., Anderson, SC, 1:08-MC-005, 2008 WL 2372064, at *1-2 (W.D.N.C. June 6, 2008).

"Prior to holding a person in contempt, the court must provide the alleged contemnor notice and opportunity for a hearing."  JTH Tax, Inc. v. Noor, 2012 WL 4473252, at *2 (E.D.Va. Sept. 26, 2012) (citing Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 827, (1994) and In re Computer Dynamics, Inc., 253 B.R. 693, 699 (E.D.Va. 2000)).  "

**B. Magistrate Judge Authority**

Section 636(e) of the United States Magistrate Judges Act governs the contempt authority of magistrate judges and states "[a] United States magistrate judge serving under this chapter shall have within the territorial jurisdiction prescribed by the appointment of such magistrate judge the power to exercise contempt authority as set forth in this subsection."  28 U.S.C. § 636(e)(1).  The statute sets out the criminal contempt authority of a magistrate judge, the scope of his or her civil contempt authority in civil consent and misdemeanor cases, and the scope of his or her authority with regard to other contempts.  Because this matter involves a civil case where the parties have not consented to magistrate judge jurisdiction, Section 636(e)(6)(B) of the United States Magistrate Judges Act controls.

Section 636(e)(6)(B) of the United States Magistrate Judges Act provides that when a person commits an act that constitutes a criminal contempt outside the presence of the magistrate judge, or the act constitutes a civil contempt, the following occurs:

> the magistrate judge shall forthwith certify the facts to a district judge and may serve or cause to be served, upon any person whose behavior is brought into question under this paragraph, an order requiring such person to appear before a district judge upon a day certain to show cause why that person should not be adjudged in contempt by reason of the facts so certified.  The district judge shall thereupon hear the evidence as to the act or conduct complained of and, if it is such as to warrant punishment, punish such person in the same manner and to the same extent as for a contempt committed before a district judge.

28 U.S.C. § 636(e)(6)(B).  See also, Cato Corporation v. L.A. Printex Industries, Inc., 3:10-CV-462-MOC-DCK, 2012 WL 5465809, at *1 (W.D.N.C. Nov. 9, 2012), and First Union Rail Corporation v. Springfield Termination Railway Company, 3:08-CV-230-DLH, 2009 WL 1469632, at *3 (W.D.N.C. May 20, 2009). ("In the typical case, a United States Magistrate Judge may certify facts for contempt proceedings before an Article III district judge and order the

alleged contemnor to show cause before that judge why contempt should not be adjudged in light of the certified facts.").

## III. DISCUSSION

The basic facts of this case are set forth above. According to Plaintiff, Defendants are continuing to knowingly and blatantly disregard this Court's "Order" (Document No. 15) issued on August 13, 2014. (Document No. 16). Moreover, Defendants have failed to show cause pursuant to this Court's "Order" (Document No. 18).

Under the circumstances, including Defendants' complete failure to file any response in this action, the undersigned finds good cause for Defendants to appear before the Court and show cause why they should not be found in contempt regarding the Court's "Order" (Document No. 15) and "Order" (Document No. 18).

The undersigned also observes that in addition to granting most of the relief requested by Plaintiff, the Court's "Order" (Document No. 15) specifically directed Plaintiff "to file an Affidavit of its costs and expenses incurred within 18 days of this Order, and the Court will enter a Supplemental Judgment." (Document No. 15, p.13). It does not appear that Plaintiff ever filed an Affidavit as directed by the Court.

## IV. RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that Defendants be **ORDERED** to appear before the presiding District Judge on a date certain to **SHOW CAUSE** why they should not be held in contempt.

## V. TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact,

conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

The Clerk of Court is directed to send this Memorandum And Recommendation to Defendants by certified U.S. mail, return receipt requested.

**IT IS SO RECOMMENDED**.

Signed: January 21, 2015

David C. Keesler
United States Magistrate Judge