# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
## 3:14-cv-129-RJC

| | |
|---|---|
| **MEINEKE CAR CARE CENTERS, LLC** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **ORDER AND NOTICE OF HEARING** |
| ) | |
| **ASAR INCORPORATED, LLC, RALPH AHMAD, and ASHVINDER AHMAD** ) ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Plaintiff Meineke Car Care Centers, LLC's ("Plaintiff") Motion for Order to Show Cause, (Doc. No. 16); the Magistrate Judge's Order granting Plaintiff's Motion for Order to Show Cause, (Doc. No. 18); and the Magistrate Judge's Memorandum and Recommendation regarding the same, (Doc. No. 19). The matter is ripe for adjudication.

## I.   BACKGROUND

On March 24, 2014, Plaintiff filed suit against Defendants ASAR Incorporated, LLC ("ASAR"), a Nevada limited liability company, and Ralph and Ashvinder Ahmad (collectively, "Defendants"), officers and shareholders of ASAR, who personally guaranteed the obligations of ASAR under its Franchise Agreement. (Doc. No. 1). ASAR was served with the Summons and Complaint on April 7, 2014, (Doc. No. 6), and had until April 28, 2014, to respond. Fed. R. Civ. P. 12(a)(1)(A)(i). ASAR failed to respond within this time. Plaintiff moved for entry of default on May 23, 2014, (Doc. No. 7), and the Clerk of Court entered default against ASAR on May 29, 2014, (Doc. No. 8). Likewise, Ralph and Ashvinder Ahmad were served with the Summons and Complaint on May 17, 2014, (Doc. Nos. 9, 10), and had until June 9, 2014, to respond. Fed. R.

Civ. P. 12(a)(1)(A)(i). They failed to respond within this time. Plaintiff moved for entry of default on June 11, 2014, (Doc. No. 12), and the Clerk of Court entered default against them on June 12, 2014. (Doc. No. 13).

On June 13, 2014, Plaintiff filed its Amended Motion for Default Judgment as to all Defendants. (Doc. No. 14). On August 13, 2014, the Court granted default judgment to Plaintiff against all Defendants. (Doc. No. 15). The facts of this case are fully set forth in that Order and incorporated by reference herein. Specifically, the Order directed that:

1. Defendants ASAR INCORPORATED, Ralph Ahmad and Ashvinder Ahmad and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, must permanently:
(a) Cease and refrain from, for a period of one year from the date of compliance with this Order, directly or indirectly (such as through corporations or other entities owned or controlled by them), owning a legal or beneficial interest in, managing, operating or consulting with: (i) any business operating at the premises of former Center No. 1262 located at 3744 Highwy 50 East, Carson City, NV 89706 or within a radius of six miles of the premises of former Center No. 1262 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (ii) any business operating within a radius of six miles of any Meineke Center existing as of September 26, 2013, the date Defendants' Franchise Agreement terminated, which business repairs or replaces exhaust system components, brake system components, or shocks and struts.
(b) Immediately cease using and/or remove and/or have removed any names, marks, signs, forms, advertising, manuals, computer software, supplies, products, merchandise and all other things and materials of any kind which are identified or associated with the Meineke name, logo, marks or trade dress, or which contain a name, logo or mark confusingly similar to the Meineke name, logo, marks or trade dress, including, but not limited to any black and yellow signage on or near Center No. 1262 at 3744 Highway 50 East, Carson City, NV.
(c) Immediately cease making any representation or statement that Defendants or the business located at 3744 Highway 50 East, Carson City, NV 89706 is in any way approved, endorsed, or licensed by Meineke, or is associated with Meineke in any way.
(d) Immediately do everything required by the telephone company, including but not limited to, signing all required paperwork and paying any amount due, to release or transfer to Meineke the telephone numbers 775-882-7800, 775-883-4873, 775-461-2618 and 775-461-2329 being used by Defendants' business located at 3744 Highway 50 East, Carson City, NV 89706 or which have been

   advertised in conjunction with Meineke's Marks.
  (e) Immediately return to Meineke any and all operations manuals in Defendants possession or control.
2. That judgment shall be entered in favor of Plaintiff Meineke and against Defendants ASAR Incorporated, Ralph Ahmad and Ashvinder Ahmad, jointly and severally, in the amount of $31,373.56 for unpaid fees due and owing to Meineke under the terms of the Franchise Agreement between the parties.
3. That Defendants ASAR Incorporated, Ralph Ahmad and Ashvinder Ahmad, jointly and severally, are adjudged liable for all of Meineke's costs and expenses incurred in this action pursuant to Article 17.6 of the Franchise Agreement. Meineke is directed to file an Affidavit of its costs and expenses incurred within 18 days of this Order, and the Court will enter a Supplemental Judgment.
4. The Court denies Plaintiff's request for attorney's fees.

(Doc. No. 15 at 11–13).

  Plaintiff's Motion for Order to Show Cause was filed on November 12, 2014. (Doc No. 16). In that motion, Plaintiff alleges that "Defendants are continuing to offer the same services offered when they were an authorized Meineke franchisee." (Doc. No. 16 at 1). As with the Complaint and other motions in this case, Defendants failed to file any response to Plaintiff's Motion for Order to Show Cause. On December 2, 2014, the Magistrate Judge granted Plaintiff's Motion and ordered Defendants to "**SHOW CAUSE** on or before **December 31, 2014**, why they should not be held in contempt." (Doc. No. 18 at 1). Again, Defendants failed to respond. Consequently, on January 21, 2015, the Magistrate Judge entered a Memorandum and Recommendation ("M&R") recommending "that Defendants be **ORDERED** to appear before the presiding District Judge on a date certain to **SHOW CAUSE** why they should not be held in contempt." (Doc. No 19 at 6). Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72 of the Federal Rules of Civil Procedure, Defendants were given fourteen (14) days to respond or object to the M&R. (Id. at 6–7). Again, Defendants failed to make any response, and the time for doing so has expired.

## II.	DISCUSSION

To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. Kittinger Co., 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), aff'd, 38 F.3d 133 (4th Cir. 1994)). "When a district court's decision is based on an interpretation of its own order, [the appellate court's standard of review is highly] deferential because district courts are in the best position to interpret their own orders." JTH Tax, Inc. v. H & R Block E. Tax Servs., Inc., 359 F.3d 699, 705 (4th Cir. 2004). Prior to holding a person in contempt, the district court must provide the alleged contemnor notice and opportunity for a hearing. Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826–27 (1994).

The basic facts of this case are set forth in the Court's Default Judgment Order. (Doc. No. 15). According to Plaintiff, Defendants are continuing to knowingly and blatantly disregard this Court's Order. (Doc. Nos. 16, 20). Moreover, Defendants have failed to show cause or even respond to the Magistrate Judge's orders. (Doc. Nos. 18, 19).

Under the circumstances, including Defendants' complete failure to file any response in this action, the Court finds good cause for Defendants to appear before the Court and show cause why they should not be found in contempt for violating this Court's Orders. Accordingly, the Court **ORDERS** that Defendants appear on **Monday, February 22, 2016, at 10 a.m.** to show cause why they should not be held in contempt. The Court has broad discretion in fashioning coercive remedies to ensure compliance with its orders. To that end, a person found to be in

contempt may be, among other things, imprisoned or fined indefinitely until he complies with the orders of the court.  Int'l Union, United Mine Workers of Am., 512 U.S. at 828.  Defendants are warned that failure to appear before the Court on Monday, February 22, 2016, at 10 a.m. and show good cause for their failure to comply with this Court's Orders will likely result in them being held in contempt.

**III.    CONCLUSION**

**IT IS, THEREFORE, ORDERED** that Defendants appear on **Monday, February 22, 2016, at 10 a.m.** to show cause why they should not be held in contempt.  The Clerk of Court is directed to send copies of this Order and Notice of Hearing to counsel for Plaintiff; <u>and to each defendant, at 3744 U.S. Highway 50 East, Carson City, NV 89701, via certified mail return receipt requested</u>.

Signed: January 20, 2016

_____
Robert J. Conrad, Jr.
United States District Judge