**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-129-RJC**

| | | |
|---|---|---|
| **MEINEKE CAR CARE CENTERS, LLC** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| **ASAR INCORPORATED, LLC, RALPH AHMAD, and ASHVINDER AHMAD** | ) ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

**THIS MATTER** comes before the Court on Plaintiff Meineke Car Care Centers, LLC's ("Plaintiff") Motion for Order to Show Cause, (Doc. No. 16); the Magistrate Judge's Order granting Plaintiff's Motion for Order to Show Cause, (Doc. No. 18); the Magistrate Judge's Memorandum and Recommendation regarding the same, (Doc. No. 19); and this Court's Order that Defendants ASAR Incorporated, LLC ("ASAR"), a Nevada limited liability company, and Ralph and Ashvinder Ahmad, officers and shareholders of ASAR, (collectively, "Defendants"), appear and show cause why they should not be held in contempt.

**I. FINDINGS OF FACT**

The facts of this case are fully set forth in the Court's August 13, 2014 Default Judgment Order ("Default Judgment Order"), (Doc. No. 15); the Magistrate Judge's January 21, 2015 Memorandum and Recommendation, (Doc. No. 19); and the Court's January 20, 2016 Show Cause Order ("Show Cause Order"), (Doc. No. 24). The facts contained in those Orders are specifically incorporated by reference herein. The Court adds only the following for clarification and to account for the procedural history of the case since the issuance of those orders.

The Default Judgment Order directed that:

1. Defendants ASAR INCORPORATED, Ralph Ahmad and Ashvinder Ahmad and their officers, agents, servants, employees and attorneys, and all persons in active concert or participation with them who receive actual notice of this Order, by personal service or otherwise, must permanently:

(a) Cease and refrain from, for a period of one year from the date of compliance with this Order, directly or indirectly (such as through corporations or other entities owned or controlled by them), owning a legal or beneficial interest in, managing, operating or consulting with: (i) any business operating at the premises of former Center No. 1262 located at 3744 Highway 50 East, Carson City, NV 89706 or within a radius of six miles of the premises of former Center No. 1262 which business repairs or replaces exhaust system components, brake system components, or shocks and struts; and (ii) any business operating within a radius of six miles of any Meineke Center existing as of September 26, 2013, the date Defendants' Franchise Agreement terminated, which business repairs or replaces exhaust system components, brake system components, or shocks and struts.

(b) Immediately cease using and/or remove and/or have removed any names, marks, signs, forms, advertising, manuals, computer software, supplies, products, merchandise and all other things and materials of any kind which are identified or associated with the Meineke name, logo, marks or trade dress, or which contain a name, logo or mark confusingly similar to the Meineke name, logo, marks or trade dress, including, but not limited to any black and yellow signage on or near Center No. 1262 at 3744 Highway 50 East, Carson City, NV.

(c) Immediately cease making any representation or statement that Defendants or the business located at 3744 Highway 50 East, Carson City, NV 89706 is in any way approved, endorsed, or licensed by Meineke, or is associated with Meineke in any way.

(d) Immediately do everything required by the telephone company, including but not limited to, signing all required paperwork and paying any amount due, to release or transfer to Meineke the telephone numbers 775-882-7800, 775-883-4873, 775-461-2618 and 775-461-2329 being used by Defendants' business located at 3744 Highway 50 East, Carson City, NV 89706 or which have been advertised in conjunction with Meineke's Marks.

(e) Immediately return to Meineke any and all operations manuals in Defendants possession or control.

2. That judgment shall be entered in favor of Plaintiff Meineke and against Defendants ASAR Incorporated, Ralph Ahmad and Ashvinder Ahmad, jointly and severally, in the amount of $31,373.56 for unpaid fees due and owing to Meineke under the terms of the Franchise Agreement between the parties.

3. That Defendants ASAR Incorporated, Ralph Ahmad and Ashvinder Ahmad, jointly and severally, are adjudged liable for all of Meineke's costs and expenses incurred in this action pursuant to Article 17.6 of the Franchise Agreement. Meineke is directed to file an Affidavit of its costs and expenses incurred within 18 days of this Order, and the Court will enter a Supplemental Judgment.

(Doc. No. 15 at 11–13). Plaintiff served Defendants with the Default Judgment Order via FedEx,

and Defendants received the Order on August 15, 2014. (Doc. Nos. 16-2, 16-3). Counsel for Plaintiff subsequently spoke with Ralph Ahmad, and he acknowledged receipt of the Order. (Doc. No. 16-2). Despite the Default Judgment Order directing Defendants, among other things, to immediately cease and refrain from operating as a Meineke franchise, Defendants have continued to operate as a Meineke franchise, and they have failed to take any steps toward complying with the Default Judgment Order. (Doc. No. 29).

Due to their lack of compliance with the Order, the Court ordered Defendants to "appear on Monday, February 22, 2016, at 10 a.m. to show cause why they should not be held in contempt." (Doc. No. 24 at 4). The Show Cause Order instructed Defendants that the "Court has broad discretion in fashioning coercive remedies to ensure compliance with its orders" and that "a person found to be in contempt may be, among other things, imprisoned or fined indefinitely until he complies with the orders of the court." (Id. at 4–5). The Clerk of Court sent copies of this Order to each defendant via certified mail return receipt requested. On February 3, 2016, each mailing was returned to the Clerk after delivery was "Refused." (Doc. No. 27). However, Plaintiff filed two declarations of service showing that Ralph and Ashvinder Ahmad were served by a process server on February 16, 2016. (Doc. No. 28).

The Court conducted the show cause hearing on this matter on February 22, 2016, at 10 a.m. As with the Complaint and the numerous orders in this case, Defendants failed to file any response or to appear at the hearing. The record in this case, including the briefing and affidavits filed by Plaintiff, establish that there is a valid Court Order and that Defendants have received service of that Order. The evidence presented also establishes Defendants' noncompliance with the Court's Default Judgment Order. (Doc. Nos. 29, 30).

## II.     DISCUSSION

To establish civil contempt, a movant must show each of the following elements by clear and convincing evidence:

> (1) the existence of a valid decree of which the alleged contemnor had actual or constructive knowledge; (2) . . . that the decree was in the movant's "favor"; (3) . . . that the alleged contemnor by its conduct violated the terms of the decree, and had knowledge (at least constructive knowledge) of such violations; and (4) . . . that [the] movant suffered harm as a result.

Ashcraft v. Conoco, Inc., 218 F.3d 288, 301 (4th Cir. 2000) (quoting Colonial Williamsburg Found. v. Kittinger Co., 792 F. Supp. 1397, 1405–06 (E.D. Va. 1992), aff'd, 38 F.3d 133 (4th Cir. 1994)).  Intent is largely irrelevant to a finding of civil contempt; the Court focuses only on whether in fact the alleged contemnor's conduct complied with some "unequivocal command" set forth in specific detail in the Order.  In re Gen. Motors Corp., 61 F.3d 256, 258 (4th Cir. 1995).  If the moving party makes a prima facie showing of these elements, the burden shifts to alleged contemnor to justify his non-compliance.  United States v. Rylander, 460 U.S. 752, 757 (1983).  Finally, prior to holding a person in contempt, the district court must provide the alleged contemnor notice and opportunity for a hearing.  Int'l Union, United Mine Workers of Am. v. Bagwell, 512 U.S. 821, 826–27 (1994).

   A. <u>Defendants are in Contempt of the Default Judgment Order</u>

The Court finds that Plaintiff has established each element of a prima facie case for contempt by clear and convincing evidence, and Defendants have failed to appear or respond in any way.  The Default Judgment Order is a valid order issued by the Court in Plaintiff's favor, of which each defendant has actual and constructive knowledge.  Plaintiff has presented substantial evidence documenting Defendants' ongoing violation of the terms of the Default Judgment Order.  The Court finds that the information on record establishes by clear and convincing evidence that Defendants have actual knowledge of their violations and that they continue to willfully violate

the Court's Order. For example, complaints received by Plaintiff from customers who have visited Defendants' operation document Ralph Ahmad telling a disgruntled customer to "Go ahead [and report his actions to Plaintiff because] Corporate can't do anything." (Doc. No. 30 at 2). Finally, the Court finds by clear and convincing evidence that Plaintiff has suffered harm as a result of Defendants' violation of the Default Judgment Order, including but not limited to Defendants' illegal use of Plaintiff's intellectual property and the tarnishing of Plaintiff's goodwill and reputation resulting from numerous customer complaints. Accordingly, the Court finds Defendants in contempt of court.

   B. Civil Contempt Sanctions

The Court has the inherent power to coerce compliance with its orders, and it may exercise that authority by ordering a defendant to be incarcerated or to pay a fine, or both, until he purges himself of his contempt. Int'l Union, United Mine Workers of Am., 512 U.S. at 828. "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United States v. United Mine Workers of Am., 330 U.S. 258, 303–04 (1947). The term of incarceration may be indefinite because "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act." Id. Therefore, he "'carries the keys of the prison in his own pocket.'" Id. (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 442 (1911)); see also Shillitani v. United States, 384 U.S. 364, 370 n.6 (1966) (upholding a two-year civil contempt sentence that included a purge clause).

Despite the Court's orders, and despite having numerous opportunities to comply with those orders, Defendants continue to knowingly and blatantly disregard the Default Judgment Order. Moreover, Defendants have failed to even respond to the Court's multiple show cause

orders. This shows an utter disregard for the Court's Order and indicates that contempt sanctions of imprisonment and fines are necessary in order to coerce Defendants to comply with the Default Judgment Order. The Court further finds that previous notice has been given regarding the potential of Defendants' incarceration in order to achieve compliance with the Court's Order, (Doc. No. 24 at 4–5), and that Defendants were given an opportunity for a hearing and an opportunity to cure with knowledge that failure to do so might lead to incarceration. Consequently, the Court finds that a second period of time within which Defendants may comply before being incarcerated would not accomplish compliance, and therefore, the Court's order of arrest will take effect immediately.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendants ASAR Incorporated, LLC, Ralph Ahmad, and Ashvinder Ahmad are hereby found in contempt of the Court's Default Judgment Order issued August 13, 2014.

2. On account of such contempt:

    a. Defendants are sanctioned in the additional amount of $1,000.00 per day, beginning on the date of entry of this Order and continuing until such time as Defendants have purged themselves of said contempt.

    b. Defendants shall produce financial records and reports showing all revenues generated from their business at the prohibited location from August 13, 2014, to the present.

    c. Defendant Ralph Ahmad shall be taken into custody and incarcerated in a facility to be selected by the United States Marshal, and he shall remain incarcerated until such time as Defendants have purged themselves of said contempt.

d. Plaintiff shall submit itemized documentation with supporting affidavits of all reasonable costs, fees, and expenses incurred in this action to the Court within **fourteen (14) days** of this Order.
3. Defendants shall purge themselves of their contempt by:
   a. fully complying with and obeying the Default Judgment Order, entered August 13, 2014, as well as this Order;
   b. apprising the Court of any attempt that Defendants make to satisfy the prescribed means for purging this contempt citation, by filing sworn affidavits with the Clerk of Court specifying the actions taken to comply with the Court's directions, supported by all necessary documentation;
   c. upon full compliance with the Orders, filing an appropriate motion for purging of contempt and release from incarceration, supported by all necessary documentation and sworn affidavits specifying all actions taken to comply with the Court's directions; and
   d. making such further report as the Court may require.
4. In the event that Defendants fail to purge themselves of their contempt or fail to take substantial steps toward purging their contempt within **fourteen (14) days** of Defendant Ralph Ahmad's arrest, the United States Marshal is authorized and empowered to enter the premises located at 3744 Highway 50 East, Carson City, Nevada 89706, and to aid Plaintiff in securing the premises; recovering any intellectual property on the premises; and otherwise ensuring compliance with the Court's Orders.  The United States Marshal is also authorized and empowered to seize or impound any property on the premises up to an amount sufficient to satisfy the debt owed by Defendants on the judgment at that time,

including interest and the United States Marshal's fees.  See 28 U.S.C. § 1921.

5. As specified in the Default Judgment Order section IV.1(a), (Doc. No. 15 at 11–12), Defendants shall be prohibited from competing directly or indirectly with Plaintiff for a period of one year from the date of compliance with the Default Judgment Order and this Order.

6. The United States Marshal is directed to arrest Ralph Ahmad for civil contempt and to take Ralph Ahmad into custody and incarcerate him in a facility to be selected by the United States Marshal until such time as the Court orders his release.

7. The Court retains jurisdiction, upon the failure of Defendants to fully purge themselves of civil contempt, to levy a compliance fine against them and to grant such other and further relief as the Court finds appropriate.

Signed: March 2, 2016

_____
Robert J. Conrad, Jr.
United States District Judge