UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:14-cv-129-RJC

| | |
|---|---|
| **MEINEKE CAR CARE CENTERS, LLC** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| **ASAR INCORPORATED, LLC, RALPH AHMAD, and ASHVINDER AHMAD** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

**THIS MATTER** comes before the Court on Defendants Ralph Ahmad and Ashvinder Ahmad's ("Defendants") Notice of Attempted and Ongoing Efforts to Comply ("Notice of Efforts"), (Doc. No. 37), and Plaintiff Meineke Car Care Centers, LLC's ("Plaintiff") Motion for Attorney Fees, (Doc. No. 38).

## I. BACKGROUND

The facts of this case are fully set forth in the Court's August 13, 2014 Default Judgment Order ("Default Judgment Order"), (Doc. No. 15); the Magistrate Judge's January 21, 2015 Memorandum and Recommendation, (Doc. No. 19); the Court's January 20, 2016 Show Cause Order ("Show Cause Order"), (Doc. No. 24); and the Court's March 10, 2016 Revised Order finding contempt ("Contempt Order"), (Doc. No. 33). The facts contained in those Orders are specifically incorporated by reference herein. The Court adds only the following for clarification and to account for the procedural history of the case since the issuance of those orders.

Pursuant to the Court's Contempt Order, Defendant Ralph Ahmad ("Mr. Ahmad") was taken into custody by the United States Marshal on March 18, 2016. (Doc. No. 36). Upon his arrest, Mr. Ahmad appeared before the Honorable William G. Cobb, United States Magistrate

Judge for the District of Nevada, for a status conference, in which Judge Cobb advised Mr. Ahmad of the Contempt Order, and Mr. Ahmad was remanded to the custody of the United States Marshal. (Doc. No. 35). On March 23, 2016, Defendants filed their Notice of Efforts accompanied by an affidavit from Mrs. Ahmad and a declaration from Mr. Ahmad. (Doc. Nos. 37 to 37-2). The Notice of Efforts indicates that Defendants have come into compliance with or are taking substantial steps to come into compliance with the majority of the requirements of the Default Judgment Order and the Contempt Order. However, Defendants have not made any payments on the money judgment contained in the Default Judgment Order or the sanction contained in the Contempt Order although they indicate they "are doing all they can to raise" funds and "are attempting to raise the money to pay" those amounts. (Doc. No. 37 ¶¶ 6, 9). Furthermore, Defendants allege that they "cannot comply entirely with the Court's Order to produce all financial records until such time as Ralph Ahmad is released from custody." (Id. ¶ 10).

On March 24, 2016, pursuant to section 2.e of the Contempt Order, Plaintiff submitted its Motion for Attorneys' Fees, Costs and Expenses (the "Motion"). (Doc. No. 38). In that Motion, Plaintiff requests that the Court award fees, costs, and expenses in the amount of $36,665.57. (Id.). This amount is comprised of: $22,258.75 in attorneys' fees from the Default Judgment Order through the Contempt Order; an estimated $6,945.00 in additional attorneys' fees in connection with the preparation of Plaintiff's Motion and additional efforts to secure Defendants' compliance with the Default Judgment Order; and $7,461.82 in costs and expenses from the Default Judgment Order through the Contempt Order, which is comprised of $1,391.82 in miscellaneous costs, $180.00 in expenses for an investigator's services to serve papers related to the contempt proceedings on Defendants and to monitor Defendants' efforts to comply with the Orders, and the initial deposit of $5,890.00 paid by Plaintiff to the U.S. Marshal for Mr. Ahmad's apprehension

and detention pursuant to the Contempt Order.  (Doc. No. 38-1, 38-2).

**II.     DISCUSSION**

   A. Release of Mr. Ahmad from Custody

The Court has the inherent power to interpret and enforce its own orders and to coerce compliance with its orders.  Int'l Union, United Mine Workers of Am., 512 U.S. 821, 828 (1994). It may exercise that authority by ordering a defendant to be incarcerated or to pay a fine, or both, until he purges himself of his contempt.  Id.  "Judicial sanctions in civil contempt proceedings may, in a proper case, be employed for either or both of two purposes; to coerce the defendant into compliance with the court's order, and to compensate the complainant for losses sustained." United States v. United Mine Workers of Am., 330 U.S. 258, 303–04 (1947).  The term of incarceration may be indefinite because "the contemnor is able to purge the contempt and obtain his release by committing an affirmative act."  Id.  Therefore, he "'carries the keys of the prison in his own pocket.'"  Id. (quoting Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 442 (1911)); see also Shillitani v. United States, 384 U.S. 364, 370 n.6 (1966) (upholding a two-year civil contempt sentence that included a purge clause).

Defendants have shown their willingness to now comply with the Court's Orders, and they have taken substantial steps toward compliance.  In order to facilitate full compliance with the Orders, the Court will release Mr. Ahmad from custody on his own recognizance.  Defendants shall continue to take significant steps toward full compliance with the Default Judgment Order, the Contempt Order, and this Order.  They shall file with the Clerk of Court a monthly status report specifying the actions taken to comply with the Orders, supported by all necessary documentation. The first such report shall be filed by May 1, 2016.  Each subsequent report shall be filed by the first of each month.  If Defendants cease making substantial strides toward or otherwise cease

taking action to ensure full compliance with the Orders, including but not limited to paying in full all money judgments contained in the Orders and filing timely status reports on a monthly basis, Mr. Ahmad shall be taken back into custody by the United States Marshal.

B. Fees, Costs, and Expenses

The appropriate remedies for civil contempt include "ordering the contemnor to reimburse the complainant for losses sustained and for reasonable attorneys' fees." In re Gen. Motors, 61 F.3d 256, 259 (4th Cir. 1995). Costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs. Fed. R. Civ. P. 54(d)(1). The "amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).

Plaintiff has been forced to expend considerable resources in this case due to Defendants' contumacious behavior. After reviewing Plaintiff's counsel's Motion, memorandum, and supporting declarations and documents, (Doc. Nos. 38 to 38-6), the Court finds that the number of hours expended by Plaintiff in its efforts to secure compliance with the judgment to be reasonable. The Court also finds the hourly rates charged by Plaintiff's counsel to be reasonable. Accordingly, the Court will grant Plaintiff's Motion and award Plaintiff a total of $29,203.75 in attorneys' fees and $7,461.82 in costs.

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Defendant Ralph Ahmad shall be released from custody on his own recognizance. Defendants shall continue to take significant steps toward full compliance with the Default Judgment Order, the Contempt Order, and this Order, and they shall file with the Clerk of Court a monthly status report specifying the actions taken to comply with the Orders,

supported by all necessary documentation. The first such report shall be filed by May 1, 2016. Each subsequent report shall be filed by the first of each month. In the event Defendants cease making substantial strides toward or otherwise cease taking action to ensure full compliance with the Orders, including but not limited to paying in full all money judgments contained in the Orders and filing timely status reports on a monthly basis, Mr. Ahmad shall be taken back into custody. If necessary, the Court will issue a separate order directing the United States Marshal to arrest Mr. Ahmad for his continued contempt.

2. The United States Marshal is directed to release Defendant Ralph Ahmad from custody on **Tuesday, March 29, 2016**. The United States Marshal is also directed to submit a report of its actual expenses, as described in the Contempt Order, to the Court within ten (10) days of Defendant Ralph Ahmad's release.

3. Plaintiff's Motion for Attorney Fees, (Doc. No. 38), is **GRANTED**. Plaintiff is hereby awarded a total of $29,203.75 in attorneys' fees and $7,461.82 in costs. These amounts shall be added to the judgment in this case.

4. The contempt sanction imposed on Defendants in the additional amount of $1,000.00 per day, which began on March 2, 2016, is hereby **STAYED**. The sanction amount of $26,000.00 shall be added to the judgment in this case, which reflects the $1,000.00 per day sanction for the 26 days since the entry of the Contempt Order. In the event Defendants cease making substantial strides toward or otherwise cease taking action to ensure full compliance with the Orders, including but not limited to paying in full all money judgments contained in the Orders and filing timely status reports on a monthly basis, this daily sanction may be reinstituted by further order of the Court.

5. The Court retains jurisdiction, upon the failure of Defendants to fully purge themselves of

civil contempt, to levy a compliance fine against them and to grant such other and further relief as the Court finds appropriate.

6. The Clerk of Court is directed to send this Order to the United States District Court for the District of Nevada as well as the United States Marshals Service for the District of Nevada.

Signed: March 28, 2016

Robert J. Conrad, Jr.
United States District Judge